IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL G. G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-CV-542-JFJ |
| v. | ) |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Crystal G. G. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.     Standard of Review**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations omitted). The Court must "meticulously

examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History

This case involves two sets of applications for disability benefits under Titles II and XVI of the Social Security Act. After the agency rendered a final decision denying her first set of applications, Plaintiff appealed that decision to this Court. While the appeal was pending, she filed a second set of disability applications. This Court reversed and remanded the Commissioner's decision on Plaintiff's first set of applications. Upon remand, the Appeals Council remanded the case to an administrative law judge ("ALJ") and directed that Plaintiff's two sets of applications be consolidated by the ALJ.

On January 12, 2017, the ALJ issued a decision denying Plaintiff's consolidated claims, R. 911-933, and Plaintiff filed exceptions with the Appeals Council, R. 1084-1112. The Appeals Council assumed jurisdiction and rendered its own unfavorable decision on August 15, 2018. The Appeals Council adopted the identical residual functional capacity ("RFC") as the ALJ, adopted the ALJ's statements as the "evidentiary facts, as applicable," and addressed Plaintiff's exceptions in a written decision denying benefits. R. 738-749. Plaintiff appealed the final agency action.

## III. Issues and Analysis

In this appeal, Plaintiff raises three allegations of error: (1) the ALJ failed to follow remand orders of this Court and the Appeals Council by failing to adequately address the opinion of Ashley

Gourd, M.D., regarding Plaintiff's hand limitations, and that the ALJ's RFC is therefore not based on substantial evidence; (2) the ALJ failed to develop and/or follow the testimony of the vocational expert ("VE"); and (3) the decision was rendered by an ALJ whose appointment was invalid.

The first two allegations of error were addressed and rejected in the Appeals Council's decision. R. 746. The Appeals Council's decision represents the final decision of the agency. *See* 20 C.F.R. §§ 404.984(b)(3), 416.1484(b)(3) ("If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on the preponderance of the evidence in the entire record . . . including a new decision. The new decision of the Appeals Council is the final decision of the Commissioner."). Accordingly, although Plaintiff's first two allegations of error are phrased in terms of the ALJ's errors, the operative question is whether the final agency decision denying benefits is free of legal error and supported by substantial evidence.[1]

### A. Dr. Gourd's Opinion/Hand-Related Limitations in RFC

In addressing whether the ALJ followed this Court's and the Appeals Council's prior directives to adequately address Dr. Gourd's opinion, the Appeals Council concluded that the ALJ's second decision was adequate. The Appeals Council concluded the ALJ cited to specific evidence in the record in support of his conclusion that Dr. Gourd's opinion "'exceeds what is reasonable based upon the objective evidence either in the doctor's own exam or in the file.'" R. 746 (quoting ALJ's decision). Plaintiff contends that "[t]he ALJ, the Appeals Council and the Defendant's brief do not explain" this conclusion. ECF No. 19 at 3.

The Court finds no error in the Appeals Council's decision or in the ALJ's underlying reasoning, as discussed and adopted by the Appeals Council. The ALJ concluded that, while Plaintiff suffers some problems with her hands, she would not have the extreme limitation provided

---

[1] In its briefs, the Commissioner reformulated the first two issues as whether the agency erred, and the Court concurs this is the correct analysis.

by Dr. Gourd. Upon review of the evidence cited by the ALJ, as well as contrary record evidence cited by Plaintiff in her brief, the Court finds no error. The ALJ was not required to specifically address every contrary treatment note, and the ALJ's weighing of Dr. Gourd's opinion was reasonable and in compliance with this Court's prior orders. Specifically, the ALJ cited lab tests negative for RA or ANA, the lack of inflammation noted, and that ibuprofen was the recommended treatment in 2014. Further, in April 2016, Plaintiff reported no joint pain and had no focal weakness, numbness, or paresthesia. R. 923 (ALJ's decision). The agency's conclusion is therefore without legal error and supported by substantial evidence. *See* R. 746 (Appeals Council's conclusion that ALJ followed this Court's directive, and its own directive, upon remand). Plaintiff essentially asks the Court to reweigh the agency decision, which the Court may not do. *See Hackett*, 395 F.3d at 1172.

For the same reasons, the Court finds no error in the agency's RFC, which imposed less severe hand-related limitations than those found by Dr. Gourd. Contrary to Plaintiff's argument that Dr. Gourd's opinion mandates a more restrictive RFC, an RFC must be based on the agency's reasonable assessment of all the relevant medical and other evidence. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Here, the agency not only adequately discussed reasons for discounting Dr. Gourd's opinion, the agency also addressed the lack of consistency between Plaintiff's subjective hand complaints and other evidence in the record. R. 747 (Appeals Council's finding that symptoms are inconsistent with medical evidence, for reasons stated by the ALJ at pages 6-10 of ALJ's decision). The agency's RFC assessment is free of legal error and supported by substantial evidence in the record.

### B. VE Testimony

Plaintiff next argues that, because the ALJ erred by failing to develop a proper RFC, it follows that he did not properly develop the vocational testimony in this case. The Appeals

4

Council addressed this argument in its decision, finding the RFC was well-supported and that the hypothetical presented to the VE matched the well-supported RFC. R. 746. For the same reasons explained above in relation to the RFC, the Court finds no error in the Appeals Council's conclusion, or its reliance on the underling factual record developed by the ALJ, because Plaintiff's functional limitations were accurately reflected in the hypothetical question. *Compare* R. 748 (Appeals Council's adopted RFC) with R. 794-95 (hypothetical to VE posed by ALJ). The VE's testimony constitutes substantial evidence to support the agency's non-disability determination.

### C. Appointments Clause

Plaintiff's Appointments Clause challenge is without merit, because the final agency decision was issued by two Administrative Appeals Judges ("AAJs") in August of 2018. Those AAJs were validly appointed in July of 2018. *See* SSR 19-1p, 2019 WL 1324866, at *2 (explaining that, on July 16, 2018, the Commissioner ratified the appointments of ALJs and AAJs to "address any Appointments Clause questions involving Social Security claims"). Any legal issue created by the invalid appointment of the ALJ who issued the original unfavorable decision was cured by a "new, independent decision" issued by validly appointed AAJs.

## IV. Conclusion

For reasons explained above, the agency decision is **AFFIRMED**.

**SO ORDERED** this 15th day of January, 2020.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT